BOARD OF TRADE OF CITY OF CHICAGO v. PRICE et al.

(Circuit Court, E. D. Missouri, E. D. June 17, 1910.)

No. 5,787.

Exchanges (§ 14*)—Proceedings—Evidence.

In a suit to restrain defendants from receiving or using continuous quotations of the Chicago Board of Trade, individually and as the Price Commission Company, evidence *held* insufficient to show that defendant P. was in any manner interested with such company, or had engaged in its business, or received the quotations.

[Ed. Note.—For other cases, see Exchanges, Dec. Dig. § 14.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Board of Trade of the City of Chicago against Thomas E. Price and others. On order to show cause why an injunction should not be granted. Rule discharged.

Henry S. Robbins, Martin H. Foss, and Lehman & Lehman, for plaintiff.

Thos. B. Harvey and Chester H. Krum, for defendants.

DYER, District Judge. On the 23d of October last a bill for an injunction was filed in this cause, the general object and purpose of which was to prevent the defendants Burtis Price and Thomas E. Price, individually and as the Price Commission Company, from receiving and using the continuous quotations of the Chicago Board of Trade in the city of St. Louis. An order to show cause why the complainant's prayer should not be granted was issued that day, and made returnable on October 30th.

Burtis Price was not served; but Thomes E. Price was. On the 30th of October Thomas E. Price made his return to the order to show cause. In this return he in substance denies that he had been receiving the quotations and used the same as charged in the bill, and avers that he was not in any manner interested in the business of the Price Commission Company. An issue being joined upon this return, the same was referred to Robert M. Fulton, as special master, to take all the evidence that might be offered by either side in reference to the question as to whether or not Thomas E. Price was in any wise interested in the Price Commission Company, or whether said Thomas E. Price is directly or indirectly participating in, or is or was connected with, the Price Commission Company, or using the quotations of the Chicago Board of Trade as an individual.

Subsequently the complainant dropped from its bill the name of Burtis Price, but included in it the name of Risdon H. Price, Thomas F. Sullivan, and Louis E. Straeder. Risdon H. Price has not been served with process, but Thomas F. Sullivan and Louis E. Straeder have entered their appearance to the amended bill.

Two hundred and fifty or more pages of testimony was taken in this case by the special master, and the same was filed in this court, together with his report thereon, on the 17th of March last. On this testimony the master's report gives his conclusions as follows:

"On the issue involved in this case, the conclusion of the master is that Thomas E. Price is connected with and interested in the business which at the time of the filing of this bill, October 23, 1909, was being conducted at 200–202 North Third street, in the city of St. Louis, under the alleged name of 'Price Commission Company,' sufficiently to make him amenable to an injunction prohibiting the further use of the quotations of the Chicago Board of Trade, provided they are being improperly used at that office and in that business."

The question upon which evidence was to be taken by the master was as to whether or not Thomas E. Price had any connection whatever with the Price Commission Company, or whether he was interested with his brother, Burtis Price, or his other brother, Risdon H. Price. The evidence very clearly shows that Burtis Price had no connection with the Price Commission Company, and that he had

not been doing business in the city of St. Louis for more than two years. It developed upon the hearing that Risdon Price was in fact interested in it, and that Sullivan and Straeder were employés of the Price Commission Company. The burden was upon the complainant to show by a preponderance of the evidence the falsity of Thomas E. Price's return to the order to show cause.

The original bill alleged, and the amended bill alleges, that Thomas E. Price was either receiving these quotations with his brother or was receiving them under the name of the Price Commission Company. The complainant called as its first witness Thomas E. Sullivan. Sullivan was asked by the complainant's counsel a great many questions, and the witness gave a great many answers to such questions, that could have no particular bearing upon the question that was to be tried. It appeared from his testimony, as it did from the testimony of other witnesses, that a box in a safe deposit vault was in the name of R. H. Price and Thomas E. Price, both of whom had access to the same, and that in the absence of Risdon H. Price from business his brother Thomas E. Price opened and closed this box; that the moneys from the Price Brokerage Company were deposited each evening in this box, and the same were taken out in the morning and returned to the office by Thomas E. Price in the absence of his brother. Subsequently Sullivan made the deposits and the withdrawals. Sullivan testified that two employés of the Price Brokerage Company, to wit, Mr. Stack and Mr. Straeder, carried the box from the office to the safe deposit company, and there met Mr. T. E. Price, and he opened the box, and the money was deposited. The following question was asked Mr. Sullivan on page 86:

"Q. Does T. E. Price have anything to do with the depositing of that box with the Mississippi Valley Trust Company, or getting it out, save only when his brother R. H. Price is sick or out of town? A. None whatever."

Sullivan in substance testified that Thomas E. Price was in no wise interested in the business of the Price Brokerage Company, and that, while he was in and out of the office frequently, he neither directed nor had anything to do with the transactions in that office; that he had nothing to do with the employment of clerks, nor the fixing of the salaries; and that he was in and out of the office as many others were. It appears that Thomas E. Price has an office in the Merchants' Exchange and is a broker; that he is a member of the Merchants' Exchange, and as such had a right upon the floor of that Exchange; that Risdon H. Price was his brother, and succeeded to the business of Burtis Price.

A. J. Stack was also called by the complainant as a witness, and he testified that he was a clerk in the office of the Price Brokerage Company, and had been a clerk for a long time prior thereto at the same place. He also testified that Thomas E. Price was not a member of the concern, nor had he anything to do with the management of its affairs. To the same effect was the testimony of Straeder, who was also a clerk in that office, and whom the complainant called as a witness to prove the issues upon its part.

Thomas E. Price, the defendant, was called by the complainant to

testify on its behalf, and he was asked a great many questions and gave a great many answers to matters that seem to be foreign to the real question that was to be tried.    But he gave testimony as follows:

"Q. At whose instance and request did you let your name be used as a joint renter of the box in the Mississippi Valley Trust Company that has been spoken of?  A. During the incumbency of R. H. Price.  Q. Have you any interest in the box?  A. Absolutely none.  Q. Do you pay the rent?  A. I do not.  Q. Have you any concern with who pays the rent?  Do you look after that?  Is your attention directed to it?  A. No, sir.  Q. Have you any interest as to the contents of the box?  A. Not a dollar.  Q. Do you exercise any supervision over the business when your brother is gone?  A. No, sir.  Q. Do you?  A. No, sir.  Q. Do you interfere with or have anything to do with his business, except to attend the place where the box is kept, getting it out in the morning, and putting it back at night?  A. No, sir; that is the only thing. Q. That is the extent of your connection with that business?  A. Absolutely."

It appears that the circumstances surrounding the transaction relied upon to prove Thomas E. Price's connection with the business of the Price Commission Company is all there is.   The only persons who are in a position to know whether he is so connected or not seem to be Thomas E. Price, Risdon H. Price, Sullivan, Stack, and Straeder.   The testimony of Risdon Price was not taken, because it appears that he was ill and unable to attend the hearing and give his testimony.   The burden, as the court has stated, was upon the complainant to prove that Thomas E. Price was a proper defendant, before Thomas. E. Price could be called upon to answer the bill of complaint.   The testimony of the only men who were examined, who knew or could know about this matter, does not support the complainant's contention; but, upon the contrary, it is positively proven that he was not connected with the Price Commission Company, and was not engaged in the business of that company, nor as such received the quotations of the Chicago Board of Trade.   To find otherwise I must discredit the positive statements of the witnesses called by the complainant itself to prove that Thomas E. Price is a proper party to this suit.

Risdon Price has not been served with notice to show cause, as was Thomas E. Price.   Before proceeding further against him, and before the granting of an injunction against him, he is entitled to his day in court.   The other defendants have entered their appearance to the bill, and may be proceeded against at the pleasure of the complainant. It was stated upon the hearing that the Price Commission Company has ceased to do business.   This seems to be agreed to by both the complainant and the defendants.   I refer to these matters as mere extraneous circumstances.   In no way are they necessary to the proper determination of the real and only question now to be determined.

The conclusion of the court is that the complainant has not proven the falsity of the return made by Thomas E. Price to the order to show cause.   The rule upon Thomas E. Price to show cause will be discharged.